**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Glen Allen Yearous<br><br>Debtor. | Case No. 26-14736 MER<br><br>Chapter 7 |
| Setter Roche Smith & Shellenberger<br><br>Plaintiff,<br><br>v.<br><br>Glen Allen Yearous<br><br>Defendant. | Adversary No. 26-01249 MER |

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on the Pre-Answer Motion to Dismiss for Insufficient Service of Process and Memorandum in Support ("**Motion**") filed by the Debtor/Defendant Glen Yearous ("**Yearous**"), and the response thereto filed by the Plaintiff, Setter Roche Smith & Shellenberger ("**SRSS**").[1]

SRSS filed the instant adversary proceeding on September 28, 2026. The complaint named Meggin Rutherford ("**Rutherford**") as the plaintiff, while SRSS appeared as the plaintiff on the Court's docket. Because it was unclear who the correct plaintiff is, the Court ordered the plaintiff to file an amended complaint by October 14, 2026, indicating whether Rutherford or SRSS is the proper plaintiff. SRSS filed an amended complaint on October 13, 2026, indicating SRSS is the plaintiff. The amended complaint modified the caption, added a paragraph to address the amended nature of the complaint, and made grammatical changes to reflect SRSS as the plaintiff. No substantive changes were made, nor were new claims added. Yearous filed the instant Motion on October 28, 2026, asserting, among other things, that the amended complaint should be dismissed because SRSS failed to serve it on him. SRSS objects to the Motion.

Yearous does not dispute he received service of the original summons and complaint.[2] Instead, Yearous argues this proceeding should be dismissed because he

[1] ECF Nos. 7 & 8.

[2] ECF No. 7, ¶ 6 ("The original summons and complaint were served on Defendant, but Plaintiff was

did not receive the amended complaint, and that the certificate of service for the amended complaint is defective because it does not state the manner and date of service. Alternatively, Yearous requests SRSS be required to serve him with a copy of the amended complaint and set a new answer deadline.[3] SRSS argues it did serve the amended complaint on Yearous as well as his bankruptcy counsel.[4] SRSS also contends dismissing this case for insufficient service is improper because Yearous received service of the original summons and complaint.

The Court agrees with SRSS. Yearous admits he received the original summons and complaint, to which he responded. It also appears from the FedEx delivery notification attached to SRSS' response that the amended complaint was delivered to Yearous on October 15, 2026.[5] However, even if Yearous didn't receive the amended complaint, that alone does not warrant dismissal of this proceeding. Indeed, the amended complaint would not have superseded the original complaint because "[a]n original complaint is only superseded . . . when the amended complaint is properly served, not when it is filed."[6] Therefore, regardless of whether the amended complaint was properly served, the original complaint stands, and Yearous was sufficiently served.[7] Furthermore, courts have generally held it is better to decide a case on its merits rather than a minor procedural defect.[8] Because Yearous received the original complaint and summons and this case is best decided on its merits, the Court

ORDERS the Motion is DENIED. The Court

FURTHER ORDERS SRSS shall serve a copy of the amended complaint, upon Yearous and file proof of service **on or before November 30, 2026**. The Court

---

ordered to amend to correct the caption.")

[3] *Id.*, ¶12 ("Defendant therefore requests dismissal for insufficient service. Alternatively, Defendant requests the Court quash the challenged service, require compliant service, and specify the resulting response deadline.")

[4] Yearous is represented in the underlying bankruptcy case by Karen Lusis, but is unrepresented in the adversary proceeding.

[5] ECF No. 8, Ex. 1.

[6] *Mach v. Florida Casino Cruise, Inc.*, 187 F.R.D. 15, 18 (D. Mass. 1999) (quoting *Doe v. Unocal Corp.*, 27 F.Supp.2d 1174, 1179 (C.D. Cal. 1998)).

[7] *Id.*

[8] *Arkansas-Platte & Gulf Partnership v. Dow Chemical Co.*, 886 F.Supp. 762, 765 (D. Colo. 1995) ("The Federal Rules in general embody a policy which favors the resolution of claims of the merits rather than on procedural grounds . . ."); *Denver & Rio Grande Western R. Co. v. Union Pacific R. Co.*, 119 F.3d 847, 848 (10th Cir. 1997) ("Although practitioners are expected to carefully comply with procedural rules, case law interpreting those rules is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects.").

FURTHER ORDERS Yearous shall have up to two weeks from the date he is served with the amended complaint to answer or otherwise respond to it. The Court

FURTHER ORDERS the Clerk of the Court is directed to send a copy of this Order to the following address:

Glen Allen Yearous
13360 Birch Court
Thornton, Colorado 80241

Dated November 20, 2026

BY THE COURT:

Michael E. Romero
United States Bankruptcy Court